IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02442-RTG

ODYIS CRUZ OSELLO,

    Plaintiff,

v.

MONTROSE COUNTY DEPARTMENT OF HUMAN SERVICES,
ASHLEY BARRY,
JENNIFER SHERWOOD,
STEPHANIE HOLZINGER,
CHRISTINA SWANSON,
THEODORE MOE,
ESPIN, Detective,
HEWITT, Officer,
CLARKSON, Officer,
BRETT SUPPES, Officer,
VINCENT MAFFETT, Officer, and
CORY D. JACKSON, Judge,

    Defendants.
_____

ORDER DIRECTING PLAINTIFF TO FILE A FIFTH AMENDED COMPLAINT
_____

    Plaintiff Odyis Cruz Osello resides in Montrose, Colorado. He initiated this action *pro se* on August 7, 2025, by filing a Complaint for Violation of Civil Rights (ECF No. 1). In response to a cure order (ECF No. 4), Plaintiff filed three amended pleadings, none of which were on the court-approved general Complaint form (*see* ECF Nos. 5, 7 & 9). On September 2, 2025, Plaintiff filed a fourth amended Complaint filed on the correct form (ECF No. 15). Plaintiff also submitted an Application to Proceed in District Court

1

Without Prepaying Fees or Costs (Long Form) (ECF No. 17), which has been granted. (*See* ECF No. 18).

The Court must construe the fourth amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Because the fourth amended Complaint suffers from pleading deficiencies, the Court will direct Plaintiff to file a fifth amended Complaint.

I. **Fourth Amended Complaint**

Plaintiff alleges the following in the fourth amended Complaint, which is the operative pleading in this action. hat he has been deprived of his parental rights. Plaintiff is the biological father of M.O., who was born at a hospital in Montrose, Colorado, on August 8, 2023. (ECF No. 15 at 5). Immediately after M.O.'s birth, Defendants Blythe and English, who are Montrose County case workers, removed the baby from Plaintiff and the baby's biological mother without a valid court order, in the presence of Defendants Clarkson and Hewitt, who are Montrose police officers. (*Id.*). Thereafter, Montrose County Department of Human Services ("DHS") imposed arbitrary drug-testing requirements, "repeatedly canceled and obstructed visitation," and made defamatory statements to Plaintiff's family. (*Id.*). When Plaintiff "sought records critical to his defense and reunification, Defendants blocked or delayed access to worn-body camera footage and other public records, impairing Plaintiff's access to the courts." (*Id.*).

On August 7-8, 2025, Plaintiff appeared in state court and "requested a stay of proceedings pending federal review [of the present action]," but the state court denied his request, as well as his motion for relief under Colo. R. Civ. P. 60(b). (*Id.*). Plaintiff alleges that "older sibling O.W." was previously removed and adopted in a prior proceeding. (*Id.* at 5-6). He further alleges that Defendants "failed to make the mandatory statutory inquiries under Indian Child Welfare Act ("ICWA") as to both children before making foster-care placement decisions or parental termination decisions. (*Id.* at 6). Plaintiff asserts claims against the Defendants pursuant to 42 U.S.C. § 1983 for violation of his Fourteenth Amendment substantive and procedural due process rights, the Fourth Amendment, unconstitutional retaliation, and denial of access to the courts. (*Id.* at 6-7). He further claims that Defendants have violated the ICWA because his minor children are, upon information and belief, "Indian children" under the Act. (*Id.* at 7). Plaintiff requests a declaration that the Defendants' conduct violated federal law. (*Id.* at 7). He further requests injunctive relief to, *inter alia,* prohibit the Defendants from "relying on removals without exigent circumstances or valid court orders" and to require "immediate compliance with ICWA inquiry" and other statutory provisions. (*Id.* at 7-8). He also requests monetary relief. (*Id.* at 8).

II. Discussion

   A. Subject Matter Jurisdiction

      1. *Rooker-Feldman* Doctrine

   Plaintiff's allegations, although vague, indicate that orders relevant to the custody

of his minor children have been issued by the state court. Plaintiff asserts in the Complaint that he "does not ask this Court to review or to overturn any state judgment." (ECF No. 15 at 5).

The *Rooker-Feldman* doctrine[1] precludes lower federal courts "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (quotations omitted). The *Rooker-Feldman* doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Mayotte v. U.S. Bant Nat'l Assoc.*, 880 F.3d 1169, 1174 (10th Cir. 2018) ("What is prohibited under *Rooker-Feldman* is a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment."). "*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment." *Id*. at 1145. *See also PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010).

---

1 *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

### 2. Indian Child Welfare Act and *Younger* abstention

The Indian Child Welfare Act, 25 U.S.C. §§ 1901-1934, covers proceedings involving the termination of parental rights. 25 U.S.C. § 1903(1)(iii). The ICWA provides in relevant part that

> any parent ... from whose custody [an Indian] child was removed,... may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

25 U.S.C. § 1914. For purposes of the ICWA, "'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4).

The Tenth Circuit Court of Appeals has summarized sections 1911 and 1912 of the ICWA as follows:

> Section 1911 grants the Indian tribe jurisdiction over Indian child custody proceedings. If the Indian child resides or is domiciled within the reservation, the Indian tribe has exclusive jurisdiction over a child custody proceeding. *Id*. § 1911(a). If the Indian child is not domiciled or residing within the reservation, a state court must transfer the custody proceeding to the jurisdiction of the tribe upon petition by either parent absent good cause to the contrary or unless the tribal court declines to exercise jurisdiction. *Id*. § 1911(b). State courts must give full faith and credit to tribal court actions in custody proceedings. *Id*. § 1911(d). In state court custody proceedings involving Indian children, the parent must be given notice of the action and is entitled to appointment of counsel and to examine all reports or other documents filed with the court which the state court decision may be based. *Id*. § 1912(a–c). The party seeking to terminate a parent's rights over an Indian child must "satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian

5

> family and that these efforts have proved unsuccessful." *Id*. § 1912(d). In order to terminate parental rights over an Indian child, the court must make a "determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent ... is likely to result in serious emotional or physical damage to the child." *Id*. § 1912(f).

*Roman-Nose v. New Mexico Dep't of Hum. Servs*., 967 F.2d 435, 437-38 (10th Cir. 1992). at 437-38. Under 25 U.S.C. § 1913(a), "[a]ny consent [to termination of parental rights] given prior to, or within ten days after, birth of the Indian child shall not be valid."

This Court has subject matter jurisdiction over claims Plaintiff purports to assert under 25 U.S.C. § 1914. *Morrow v. Winslow*, 94 F.3d 1386, 1395 (10th Cir. 1996). However, the Court must still determine in a particular case whether the absention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971), applies. *See Id.* at 1396-98 (recognizing that while § 1914 grants a federal court authority to consider a challenge to foster care placements and terminations of parental rights, the application of *Younger* must still be considered).

*Younger* "requires federal courts to refrain from ruling when it could interfere with ongoing state proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016). *Younger* applies to the following "three categories of state cases: (1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain*, *LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (quoting *Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 73

(2013)).² After *Sprint*, *Younger* applies to a state domestic relations case only if the circumstances fall into a *Sprint* category. *See Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, at *4 (10th Cir. July 22, 2025) (unpublished) (reversing and remanding the district court's decision to abstain from addressing claims arising from a state court child custody case under *Younger* where *Spring* categories were not considered); *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *5 & n.10 (10th Cir. May 19, 2025) (unpublished) (concluding that *Younger* abstention was inapplicable where the state domestic relations proceedings did not fit the *Sprint* categories).

Federal abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.

---

2 Following *Sprint Comm'ns,* the Tenth Circuit has affirmed federal district court decisions applying *Younger* to actions challenging ongoing state court child custody cases in several unpublished opinions but none of the cases expressly addressed the *Sprint* decision. *See Wiland v. Stitt,* No. 24-5116, 2025 WL 369223, at *1 (10th Cir. Feb. 3, 2025) (concluding that *Younger* abstention was appropriate where the plaintiff was a party to an ongoing state criminal proceeding concerning the termination of her parental rights and ruling on the plaintiff's federal declaratory judgment claims would intrude into an important state interest in family law questions); *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing).

1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 422 (1982)). A plaintiff "may overcome the presumption of abstention in other extraordinary circumstances where irreparable injury can be shown." *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the fifth amended Complaint, Plaintiff should clarify whether there is an ongoing or final state court proceeding concerning his parental rights and whether the applicability of the ICWA has been determined in a state court proceeding.[3]

## B. § 1983 claims

Plaintiff's claims that Defendants violated his constitutional rights are actionable under 42 U.S.C. § 1983, which provides a remedy when an individual's constitutional rights are violated under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. Eleventh Amendment Immunity

Under the Eleventh Amendment, private parties cannot sue a state, or an entity that is an arm of the state, in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007); *Sturdevant v. Paulsen*,

---

3 A state court determination that the ICWA is not applicable in a particular custody proceeding is res judicata in a subsequent proceeding to invalidate the state action under 25 U.S.C. § 1914. *See Comanche Indian Tribe of Oklahoma v. Hovis,* 53 F.3d 298, 304 (10th Cir. 1995) ("[Section] 1914 is not an independent ground to relitigate state court decisions. . . .Once the Tribe chose to litigate in State Court, review of the State Court's decision was limited to timely appeal to the state appellate courts and was not "appealable" in federal district court.) (citing *Kiowa Tribe v. Lewis*, 777 F.2d 587, 592 (10th Cir.1985)).

218 F.3d 1160, 1164 (10th Cir. 2000). Colorado's county-level departments of human services, as created by Colo. Rev. Stat. § 26-1-118(1) (2023), are arms of the state and therefore enjoy Eleventh Amendment immunity. *See e.g.*, *Romero v. City & Cnty. of Denver Dep't of Soc. Servs.*, 57 F. App'x 835, 837 (10th Cir. 2003) ("In Colorado, municipal departments of social services are in reality arms of the state ....") (internal quotation marks and citation omitted));*Goodwin v. Connell*, 376 F. Supp. 3d 1133, 1145-48 (D. Colo. 2019) (Jefferson County human services constitutes an "arm of the state" entitled to Eleventh Amendment immunity); *T.D. v. Patton*, 149 F.Supp.3d 1297, 1308-09 (D. Colo. 2016) (Denver Department of Human Services constitutes an "arm of the state" for purposes of Eleventh Amendment immunity). The State of Colorado has not waived its Eleventh Amendment immunity for § 1983 claims, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The § 1983 claims asserted against Montrose County DHS are barred by the Eleventh Amendment. Section 1983 claims for monetary and retrospective declaratory relief asserted against a DHS employee in his or her official capacity, and against Defendant state court judge Cory D. Jackson, are construed as claims asserted against the State of Colorado and are also barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that claims against a government official in his or her official capacity should be treated as being asserted against the governmental

entity). *See also K. A. v. Barnes,* 134 F.4th 1067, 1074 (10th Cir. 2025) (§ 1983 official-capacity claims against state officials for retrospective declaratory relief barred by Eleventh Amendment). However, under *Ex parte Young,* 209 U.S. 123, 159-60 (1908), Plaintiff may seek prospective injunctive or declaratory relief against a DHS official in his or her official capacity. *See Verizon Maryland v. Public Service Commission of Maryland,* 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d' Alene Tribe of Idaho,* 521 U.S. 261, 296 (1997)); *see also K. A. v. Barnes*, 134 F.4th 1067, 1075 (10th Cir. 2025) (a declaration addressing the legality of imminent actions rather than past wrongs falls within the *Ex parte Young* exception to sovereign immunity).

### 2. Judicial Immunity

Defendant Jackson, a state court judge, is entitled to absolute immunity from personal monetary liability in a federal civil rights action for actions taken in his judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir. 2006).

The allegations in the fourth amended Complaint suggest that Plaintiff's 1983 personal-capacity claims asserted against Defendant Jackson for monetary relief are barred by judicial immunity.

### 3. Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits the state from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "'Procedural due process ensures the state will not deprive a party of [a liberty interest] without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of [a liberty interest] for an arbitrary reason regardless of the procedures used to reach that decision.'" *Onyx Properties LLC v. Bd. of Cnty. Commissioners of Elbert Cnty.*, 838 F.3d 1039, 1043 (10th Cir. 2016) (quoting *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)).

Parents have a fundamental liberty interest in the "care, custody, and management" of their children. *Santosky v. Kramer*, 455 U.S. 745, 7539 (1982); see also *Stanley v. Illinois*, 405 U.S. 645, 651-58 (1972). "Under the Fourteenth Amendment, the state may not permanently sever parental rights or temporarily remove children from a home without affording the parents due process of law." *Lowther v. Children Youth & Family Dep't*, 101 F.4th 742, 760 (10th Cir. 2024) (internal quotations and citation omitted). Removal of children from the custody of their parents requires pre-deprivation notice and a hearing "'except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event.'" *Spielman v. Hildebrand*, 873 F.2d 1377, 1385 (10th Cir.1989) (quoting *Smith v. Organization of Foster Families for Equality and Reform*, 431 U.S. 816, 848 (1977)).

To pursue a substantive due process claim, Plaintiff must allege facts to demonstrate that "(1) defendants intended to deprive him of his protected relationship with his [child], and that (2) balancing his interest in his protected relationship with his [child] against the state's interests in [the child's] health and safety, defendants either unduly burdened his protected relationship or effected an unwarranted intrusion into that relationship." *Thomas v. Kaven*, 765 F.3d 1183, 1196 (10th Cir. 2014) (citations and quotations omitted).

To show an entitlement to relief based on a procedural due process violation, Plaintiff must allege: "(1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures." *Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019).

Additionally, Plaintiff must allege specific facts in the fifth amended Complaint to show the personal participation of one or more of the individual Defendants named in the case caption in the alleged deprivation of his federal substantive and/or procedural due process rights. Allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). In lawsuits involving multiple defendants, "[i]t is particularly important that plaintiff[ ] make[s] clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). *see also Vasquez v. Davis*, 882 F. 3d 1270, 1275 (10th Cir. 2018) ("To recover damages from each of [multiple] Defendants under

§ 1983, [Plaintiff] had to show that such Defendant personally participated in the alleged constitutional violation."). Thus, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's "undifferentiated contention that 'defendants' infringed his rights" is insufficient to satisfy the pleading requirements of Rule 8. *See Pahls*, 718 F.3d at 1226.

To show an entitlement to relief against a government official for conduct that arises out of his or her supervisory responsibilities, Plaintiff must allege that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

### 4. Fourth Amendment Claim

Plaintiff claims that the seizure of his newborn daughter, M.O., from the hospital without a valid court order was unlawful under the Fourth Amendment.

It is well established that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969). Therefore, a parent may not assert a derivative or vicarious claim based on a child's Fourth Amendment injuries. *See J.B. v. Washington Cnty.*, 127 F.3d 919, 928 (10th Cir. 1997). Instead, the Fourteenth

Amendment protects Plaintiff's liberty interest in the custody of his children. *See Hollingsworth v. Hill*, 110 F.3d 733, 739 (10th Cir. 1997).

### 5. Unconstitutional Retaliation

To show an entitlement to relief under a theory of unconstitutional retaliation, Plaintiff must allege specific facts to meet the following elements: (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

If Plaintiff intends to pursue an unconstitutional retaliation claim, he must allege specific facts in the fifth amended Complaint to satisfy the elements of the claim, as set forth above.

### 6. Denial of Access to the Courts

Plaintiff claims that Defendants violated his constitutional right of access to the courts by withholding worn-body camera footage and other records, and misrepresenting testing data, which impeded Plaintiff's ability to pursue legal remedies causing actual injury. (ECF No. 15 at 7).

A denial of access to the courts claim may be "forward looking" or backwards looking." *See also Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). "Forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a

suit at the present time. *Id*. "Backwards looking claims," arise when a plaintiff alleges that an underlying claim cannot be tried, or be tried with all the evidence, because official conduct caused the loss or inadequate resolution of that claim. *Id*. *See also Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004) (distinguishing between "forward looking" and "backwards looking" court access claims). To allege a compensable injury for a forward looking denial of access claim, Plaintiff "must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher,* 536 U.S. at 415.

Plaintiff's allegations in support of his claim that he was denied his constitutional right of access to the courts claim are vague and conclusory. In the fifth amended Complaint he must allege specific facts to show an entitlement to relief.

### 7. Purported Claims Against Montrose County

Plaintiff asserts that Montrose County DHS is liable under § 1983 for violating his constitutional rights pursuant to a County policy or custom. As discussed previously, Montrose County DHS is an arm of the state of Colorado. If Plaintiff intends to assert Section 1983 claims against Montrose County, he must name Montrose County as a Defendant in the case caption of the fifth amended Complaint.

To pursue relief against Montrose County, Plaintiff must allege specific facts to demonstrate he suffered a constitutional injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v.*

*Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Local government entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot show an entitlement to relief against Montrose County under § 1983 based on an isolated incident. *See Monell*, 436 U.S. at 694.

### 8. Pleading Requirements of Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." To show an entitlement to relief in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A plaintiff's vague and conclusory allegations violate Rule 8. *See Hall*, 935 F.2d at 1110 ("[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

### III. Conclusion

Plaintiff will be directed to file a fifth amended Complaint that demonstrates the

Court's subject matter jurisdiction over this action and complies with the pleading requirements of Fed. R. Civ. P. 8(a), keeping in mind the legal standards set forth above.

Plaintiff may contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter.

Accordingly, it is

ORDERED that Plaintiff shall file, **within thirty (30) days from the date of this order**, a fifth amended Complaint on the court-approved general Complaint form that complies with the directives in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved general Complaint Form, along with the applicable instructions, from the Court's website at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file a fifth amended Complaint within the time allowed, some or all of this action may be dismissed for the reasons discussed above.

DATED September 15, 2025.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge